A93A1890. JACKSON v. DUNKIN' DONUTS, INC. et al.
(440 SE2d 56)

POPE, Chief Judge.

Plaintiff ate a bran muffin which allegedly contained a large industrial staple. She had purchased the product at a Dunkin' Donuts franchise, and she sued defendant Dunkin' Donuts, Inc. ("DD"), the franchisor, and defendant Conopco, Inc., the company which allegedly manufactured the mix from which the muffin was made.[1] After presentation of evidence at trial, the lower court directed a verdict for both defendants. With respect to defendant DD, the trial court ruled there was no evidence of negligence on DD's part and no evidence of a relationship between DD and the franchisee which would allow DD to

---

[1] Plaintiff's action against Doughboy, Inc., the franchisee which owned and operated the Dunkin' Donuts where plaintiff purchased her muffin, was dismissed due to plaintiff's failure to serve it in a timely manner.

be held liable for any negligence on the part of the franchisee. And with respect to Conopco, the trial court concluded there was no evidence that Conopco had in fact supplied the mix from which plaintiff's muffin was made.

In her sole enumeration of error, plaintiff contends the trial court erred in refusing to admit into evidence a letter from the franchisee's insurer to plaintiff's attorney, in which the insurer indicated that Pennant Corporation, Conopco's predecessor in interest, made the muffin mix. We agree with the trial court that the letter was inadmissible hearsay. Plaintiff asserts that the letter was admissible for the purpose of explaining her conduct in suing Conopco. See OCGA § 24-3-2 (letters and similar evidence are admissible to explain conduct). However, OCGA § 24-3-2 applies only where the conduct to be explained is relevant to the issues on trial, see *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982), and the reason a plaintiff sues a particular defendant is *not* relevant to any of the issues involved in establishing the plaintiff's cause of action.[2] Nor was the letter admissible as an admission, as the franchisee's insurer was neither a party nor a privy of a party. See OCGA §§ 24-3-31; 24-3-32.

We further conclude that this appeal was frivolous and therefore grant defendant Conopco's motion for sanctions in the amount of $500. See Court of Appeals Rule 26.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 23, 1993.

*Kendall & Dixon, Alvin L. Kendall, E. Earle Burke*, for appellant.

*Troutman Sanders, Kaye O. Woodard, John J. Dalton, Smith, Howard & Ajax, Michael D. St. Amand*, for appellees.

---

[2] We also note that even if the letter were admissible for the limited purpose of explaining conduct, it could not provide the substantive evidence of Conopco's involvement necessary to overcome the directed verdict in Conopco's favor.